**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMGUARD INSURANCE COMPANY**<br>39 Public Square<br>Wilkes-Barre, PA 18701,<br><br>and<br><br>**SAGAMORE PHILADELPHIA, LLC**<br>80 8th Ave, Ste 708<br>New York, NY 10011,<br><div align="center">**Plaintiffs**</div><div align="center">v.</div><br>**THE UNITED STATES OF AMERICA**<br><br>    Serve: Civil Process Clerk<br>    United States Attorney for the Eastern<br>    District of Pennsylvania<br>    615 Chestnut Street, Suite 1250,<br>    Philadelphia, PA 19106<br><br>    United States Attorney General<br>    U.S. Department of Justice<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530,<br><div align="center">**Defendant**</div> | **Case Number:**<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs, by and through undersigned counsel, for their Complaint against the United States of America, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**The Parties**

1.      Plaintiff, AmGuard Insurance Company ("AmGuard"), is a corporation organized and existing under the laws of the State of Nebraska with a principal place of business located at 44 R West Market Street, Wilkes-Barre, PA 18701.

2.      Plaintiff, Sagamore Philadelphia, LLC ("Sagamore"), is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located at 80 8th Ave Ste 708, New York, NY 10011, and at all relevant times owned and operated Sheraton Suites Philadelphia Airport ("the Hotel"), a hotel and conference hall located at 4101 B Island Avenue in Philadelphia, PA.

3.      At all times relevant hereto, AmGuard provided general liability insurance to Sagamore in connection with the Hotel under a policy of insurance that was in full force and effect at all relevant times, and brings this action as subrogee of Sagamore.

4.      Defendant United States of America is a sovereign governmental entity that has consented to be sued for civil damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq., and may be served with process in accordance with the Federal Rules of Civil Procedure.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), in that this is a civil action against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of one or more employees or agents of the Government while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred. The claims arise under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.

6.    Venue is proper in this district under 28 U.S.C. § 1402(b) and 28 U.S.C. § 1391(e)(1)(B), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, specifically at the Sheraton Suites Hotel located at 4101 B Island Avenue, Philadelphia, Pennsylvania 19153, within the Eastern District of Pennsylvania.

## Statement of Facts

7.    On or before January 16, 2022, a United States Secret Service Detail used the roof of the Hotel for observation and communications purposes.

8.    During the course of their operations, the Secret Service Detail ran large communication cables from hotel rooms on the top floor to equipment on the roof.

9.    The communication cables were routed through a utility area and out a hatch-type roof access door.

10.    The roof access door was opened to accommodate the cables during the Secret Service Detail's use of the roof.

11.    Upon departure, however, the Secret Service Detail failed to properly secure or fully close the roof access door.

12.    The incident occurred during January, when outside temperatures were extremely cold.

13.    As a direct result of the roof access door being left open during freezing January temperatures, cold exterior air entered the interior area causing one or more sprinkler lines to

freeze and rupture, thereby triggering a substantial discharge of water throughout portions of the Hotel.

14.     It was reasonably foreseeable that leaving the roof access door open during freezing winter conditions would expose interior building systems, including sprinkler piping, to freezing temperatures and resultant water damage.

15.     The water discharge caused extensive property damage to the Hotel, as well as a loss of income, collectively totaling in excess of $8,000,000.

16.     Sagamore submitted a claim to AmGuard for such damages, and AmGuard reimbursed Sagamore, in accordance with its insurance policy, for most of the incurred losses.

17.     By virtue of said payment, AmGuard is subrogated to the rights of its insured, Sagamore, to seek recovery from any third-party responsible for causing the resultant damages, and/or otherwise legally liable for such damages.

18.     The incident, resulting damages and claim were reported to the appropriate federal agencies, including the U.S. Secret Service and the Department of the Army.

19.     The Standard Form 95 claim was submitted to the U.S. Secret Service Philadelphia Field Office and later transferred to the Department of Defense for processing by the U.S. Army Claims Service.

20.     The Department of the Army acknowledged receipt of the Standard Form 95 claim and assigned Army Claim number 24-371-T01, but later rejected the claim on December 8, 2025. This Complaint was filed within six months of the final denial of the administrative claim.

## COUNT I – NEGLIGENCE

21.    Plaintiffs, pursuant to the Federal Tort Claims Act, sue the United States of America for damages, and hereby adopt and incorporate by reference the foregoing paragraphs as if fully alleged herein.

22.    At all times relevant hereto, United States government employees and agents, while acting within the scope of their employment, had a duty to exercise reasonable care.

23.    However, Defendant's employees and agents, while acting in the course and scope of their employment, breached their duty of reasonable care through the following acts and omissions:

    (a)    failing to exercise reasonable care in connection with their use of the Hotel roof and roof access area, including, but not limited to, carelessly and negligently performing the following:

        (1)    failing to properly secure and close the roof access door upon completion of their operations;

        (2)    leaving the roof access door open or partially open during freezing winter conditions;

        (3)    failing to recognize and prevent the foreseeable intrusion of freezing exterior air into interior portions of the Hotel; and/or

        (4)    failing to prevent foreseeable freezing and rupture of interior sprinkler piping resulting from exposure to freezing temperatures.

    (b)    failing to adequately instruct, supervise and/or train employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c)    failing to adequately warn Plaintiff Sagamore and others of the dangers resulting from such failure to exercise reasonable care as set forth in subparagraph (a), above;

(d)     failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above; and/or

(e)     failing to retain competent, qualified and/or able subcontractors, agents, employees or servants to perform the tasks set forth in subparagraph (a) above.

24.     As a direct and proximate result of the conduct of Defendant's employees and agents as alleged herein, Plaintiffs sustained and incurred the damages above.

25.     Plaintiffs seek monetary damages against the United States for such property damage, business interruption losses, and related damages caused by the negligent or wrongful act or omission of employees or agents of the United States acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to Plaintiffs in accordance with the law of Pennsylvania, where the acts/omissions occurred.

26.     Pursuant to 28 U.S.C. § 2674, the United States is liable for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred.

27.     Plaintiffs have alleged that employees or agents of the United States, including members of a Secret Service Detail, failed to properly secure a roof access door, resulting in the property damage and related losses alleged herein.

**WHEREFORE,** Plaintiff respectfully request judgment against Defendant in an amount in excess of $8,000,000.00, together with allowable costs, interest as permitted by law, and such other relief as this Honorable Court shall deem appropriate under the circumstances.

**de LUCA LEVINE, LLC**

Dated:   June 5, 2026                    BY:   _____

Kenneth Levine, Esquire (PA ID. 60984)
301 E. Germantown Pike, Suite 300
East Norriton, PA 19401
Tel.: (215) 588-5085
KLevine@deLucaLevine.com